UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARQUIS JEROME POLLARD | No. 3:21-cr-108 (SRU) |

## ORDER ON MOTION TO DISMISS

In the instant case, Marquis Jerome Pollard ("Pollard") is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Indictment, Doc. No. 27. Pollard has moved to dismiss the count against him on insufficiency grounds. Def. Mot., Doc. No. 97. For the reasons that follow, Pollard's motion to dismiss is **DENIED**.

### I.     STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(c) provides that an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment will survive a defendant's motion to dismiss on insufficiency grounds where it "charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (cleaned up). "Moreover, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* (cleaned up).

The burden for a defendant seeking to dismiss an indictment is high. *See United States v. Smith*, 985 F. Supp. 2d 547, 561 (S.D.N.Y. 2014). That is because "[a]n indictment ... need not

be perfect, and common sense and reason are more important than technicalities." *United States v. De Le Pava*, 268 F.3d 157, 162 (2d Cir. 2001) (cleaned up).

II.     DISCUSSION

Principally, Pollard claims that the indictment does not "adequately allege[] the dates of [Pollard's] conduct." Def. Mot., Doc. No. 97, at 2. The relevant count in the indictment reads as follows:

> On or about April 19, 2021, in the District of Connecticut, the defendant MARQUIS JEROME POLLARD, having been, and knowing that he had been, convicted in the Circuit Court of the State of South Carolina of a crime punishable by a term of imprisonment exceeding one year, namely, Burglary in the Second Degree, in violation of South Carolina Code § 16-11-312, on or about May 21, 2003, did knowingly possess a firearm in and affecting commerce, that is, a Glock 17, Model Gen 5, 9mm caliber pistol bearing serial number BSKX589, which had been shipped and transported in interstate and foreign commerce. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Indictment, Doc. No. 27, at 1. Pollard is correct, in that, the indictment references two dates: April 19, 2021 and May 21, 2003. But contrary to Pollard's borderline frivolous argument, the use of both dates does not render the indictment ambiguous. If anything, the two dates arm Pollard with *more* knowledge about the nature of the charge being levied against him; not less.

To begin, Section 922(g)(1) provides in pertinent part: "It shall be unlawful for any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Relevant to this motion, the government must allege, *inter alia*, that Pollard had a prior felony conviction at the time he possessed the firearm.

Indeed, the government did just that. Specifically, the indictment states the place, nature and date of Pollard's former felony conviction; that date being May 21, 2003. And it identifies the firearm Pollard allegedly possessed and the date which he allegedly possessed it; that date

2

being April 19, 2021. Still, Pollard contends that the indictment's sentence structure is so ambiguous that he cannot ascertain which date the government alleges he possessed the firearm. Given that ambiguity, Pollard argues that "the most reasonable reading [of the indictment] is that [he] possessed the firearm on May 21, 2003." Def. Mot., Doc. No. 97, at 2.

It simply strains credulity to believe that Pollard's reading of the indictment is a plausible one. Understood Pollard's way, one would have to read the indictment as follows: "…[O]n or about May 21, 2003, did knowingly possess a firearm in and affecting commerce." Transitive verbs (here, possess) require a noun or pronoun to receive the action. *See In re Arnold*, 471 B.R. 578, 600 (Bankr. C.D. Cal. 2012). Yet interpreted Pollard's way, the indictment lacks a subject. Separately, Pollard's version ignores the command that an indictment must be read "in its entirety," as opposed to the piece-meal fashion Pollard offers. *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992). When read cohesively, "[c]ommon sense and reason" offer only one plausible reading of the indictment; the May 2003 date refers to the predicate offense, and the April 2021 date refers to the firearms possession. *De Le Pava*, 268 F.3d at 162. Thus, I conclude that Pollard's argument is wholly without merit, and the indictment provides Pollard with adequate notice of the nature of the crime charged against him.

### III.    CONCLUSION

For the foregoing reasons, Pollard's motion to dismiss, doc. no. 97, is **DENIED.**

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge